**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eleonore M. Fry; Julie K. Sullivan (*aka* Julie F. Sullivan); William A. Fry, <br><br>     Plaintiffs, <br><br> vs. <br><br> The Northwestern Mutual Life Insurance Company, *aka* Northwestern Mutual, <br><br>     Defendant. | No. CV-10-08093-PCT-JAT <br><br> **ORDER** |

Pending before the Court is Defendant Northwestern Mutual Life Insurance Company's ("Northwestern") Motion to Dismiss (Doc. # 11). Northwestern has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of immunity and collateral estoppel.

**I.     Legal Standard**

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for two reasons: (1) lack of a cognizable legal theory; and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2)

requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II.     Factual and Procedural Background

In December 2007, Plaintiff William A. Fry ("Fry") filed an action in the U.S. District Court for the District of Arizona ("*Fry # 1*") against Northwestern, the government and several other defendants for claims relating to the IRS seizure of Fry's assets, including the seizure of loan proceeds available under life insurance policies issued by Northwestern. *See* Complaint, *Fry v. United States et al.*, Case No. CV-07-8175-PCT-MHM (Dec. 28, 2007) (Doc. # 1 at Count XIII). Northwestern filed a motion to dismiss, *id.* at Doc. # 20, which the Court granted on September 15, 2008, *id.* at Doc. # 45. The Court held that Northwestern was entitled to dismissal of Fry's claims against it, with prejudice, on the basis of immunity under section 6332(e) of the Internal Revenue Code. *Id.* at p. 7. Nearly one year later, the final defendant and all remaining claims in *Fry # 1* were dismissed, and the Court entered judgment accordingly. *Id.* at Docs. # 61 & 62. Fry did not appeal the judgment.

In April 2010, Fry, together with his wife Eleonore M. Fry ("Eleonore Fry"), and his

daughter Julie K. Sullivan ("Sullivan," and together with Fry and Eleonore Fry, "Plaintiffs"), filed the pending action in the Superior Court for Maricopa County, Arizona (Doc. # 1-2), which Northwestern removed to the U.S. District Court for the District of Arizona (Doc. # 1). Eleonore Fry and Sullivan are beneficiaries of the life insurance policies purchased by Fry. Plaintiffs are alleging claims for "Breach of Contract and Specific Performance" and "Trespass for Injury and Conversion of Personal Property." (Doc. # 1-2.) Plaintiffs' claims arise from Northwestern's alleged detainment of personal property belonging to Plaintiffs and conversion of that personal property for the use of another on or about October 11, 2007. (*Id.* at ¶ 8.) Plaintiffs refer to this detainment and conversion as "an unauthorized loan" throughout the Complaint. (*Id.*) This is the same loan as the "loan" against the life insurance policies that formed the basis for Fry's claims against Northwestern in *Fry # 1*.[1] On June 10, 2010, Northwestern filed the pending Motion to Dismiss.

### III.   Failure to State a Claim

Northwestern moves to dismiss the Complaint on two grounds: (1) Plaintiffs' claims are barred by the Internal Revenue Code; and (2) Plaintiffs' claims are barred by collateral estoppel. Plaintiffs argue that the claims asserted in the present action are different than the claims asserted in the first action; therefore, Plaintiffs are not estopped from maintaining the present action. Plaintiffs ignore the scope of the Court's holding in the first action that Northwestern is immune from liability, under 26 U.S.C. § 6332(e), for complying with the IRS levy. For the reasons that follow, the Court will grant Northwestern's motion to dismiss for failure to state a claim upon which relief can be granted.

Both *Fry # 1* and this action were brought in connection with Northwestern's compliance with an IRS levy made through a loan against the cash value of Fry's policy. Both actions against Northwestern revolve around the same evidentiary facts; namely, that

---

[1] Plaintiffs' Complaint does not mention the existence of the IRS levy. However, the Court can easily deduce that the loan referred to in the Complaint (*see* Ex. to Compl. at Doc. # 1-2) is the same as the loan of the cash value of Fry's life insurance policies at issue in *Fry # 1*, *see* Complaint, *Fry*, Case No. CV-07-8175-PCT-MHM (Doc. # 1 at Count XIII).

- 3 -

Northwestern allegedly breached the contracts governing life insurance policies by complying with an IRS levy. Although Plaintiffs attempt to focus the Court's attention on the "new claims under Arizona State law" (Doc. # 17 at ¶ 9) as being unrelated to the claims alleged in *Fry # 1*, at their core, the claims asserted in both actions are based upon the effect of Northwestern's compliance with the IRS levy.

The Court in *Fry # 1* dismissed the claims against Northwestern because "the cash value of [Fry]'s insurances policies is properly subject to levy, and [Fry]'s argument to the contrary is rejected." Order, *Fry*, Case No. CV-07-8175-PCT-MHM (Doc. # 45 at p. 5). The Court held that Northwestern was entitled to dismissal of Fry's claims on the basis of immunity under section 6332(e) of the Internal Revenue Code, which provides:

> *Any person in possession of (or obligated with respect to) property or rights to property subject to levy* upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) *shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.*

26 U.S.C. § 6332(e) (emphasis added). Northwestern argues that the Court's prior holding applies to the claims in this action, and Plaintiffs are collaterally estopped from maintaining this action. Alternative, Northwestern argues that it is immune from liability for the claims in Plaintiffs' Complaint. The Court will not dismiss the Complaint based on collateral estoppel; however, the Court finds that Northwestern is immune from liability based on the section 6332(e) of the Internal Revenue Code, analyzed by the Court in *Fry # 1*.

There is nothing new in the facts of this action as compared to *Fry # 1*, and there are no new developments in the law since the dismissal of *Fry # 1*. Accordingly, the Court's holding that Northwestern is immune from liability for complying with the IRS tax levy still stands. The Court in *Fry # 1* has already held that Northwestern is not liable to Plaintiffs for paying out the cash value of the policies to the IRS. This holding does not change because Plaintiffs have asserted new causes of action based on the same conduct by Northwestern. Northwestern was held to be immune from liability, and continues to be immune from liability, for complying with the IRS levy. As the Court stated in *Fry # 1*, the actions that

1  Plaintiffs complain of "fall squarely within the plain meaning of the immunity provision . .
2  . . As such, this liability — 'arising from such surrender or payment' — is precisely the type
3  of liability contemplated by the immunity provision of the statute." Order, *Fry*, Case No.
4  CV-07-8175-PCT-MHM (Doc. # 45 at p. 4) (quoting 26 U.S.C. § 6332(e)).

5  Plaintiffs continue to rely on cases and legal theories that were unsuccessful in *Fry
6  # 1. See e.g.*, *De Almada v. Sovereign Camp W.O.W.*, 67 P.2d 474 (Ariz. 1937);
7  *DaimlerChrysler Serv. N. Am. v. Ariz. Dep't of Revenue*, 110 P.3d 1031 (Ariz. Ct. App.
8  2005). Further, Plaintiffs' response to the motion to dismiss (Doc. # 17) focuses on whether
9  the claims in the Complaint were previously before the Court, and, thus, subject to collateral
10 estoppel. Plaintiffs feebly contend that Northwestern is not immune for "claims born out of
11 their acts." (Doc. # 17 at ¶ 22). However, Plaintiffs misunderstand the scope of
12 Northwestern's immunity for complying with the IRS levy. The Court in *Fry # 1* held that
13 "the cash value of the Plaintiff[s'] insurance policies is properly subject to levy." Order, *Fry*,
14 Case No. CV-07-8175-PCT-MHM (Doc. # 45 at p. 5). Plaintiffs' claims in this action for
15 "breach of contract for specific performance" and "conversion of personal property" arise
16 in connection with the levy of the cash value of Fry's life insurance policies (referred to as
17 the "unauthorized loan agreement" in the Complaint), and are barred for the same reason that
18 the claims in *Fry # 1* were barred. Northwestern is immune from liability for complying with
19 the IRS levy. Plaintiffs assert new claims in the Complaint, but Northwestern continues to
20 be immune from liability.

21 Because Plaintiffs have not alleged any claims against Northwestern not related to the
22 "unauthorized loan agreement" made in compliance with the IRS levy, Plaintiffs' Complaint
23 is dismissed for failure to state a claim upon which relief can be granted.

24 **IV.    Leave to Amend**

25 In this case, Plaintiffs have not amended, nor sought leave to amend, their original
26 complaint as a matter of right under Rule 15 of the Federal Rules of Civil Procedure.
27 Northwestern filed its motion to dismiss on June 10, 2010. Because the 21-day time frame
28 to file an amendment following a motion to dismiss has expired, Plaintiffs have lost their

1. right to amend their complaint as a matter of course. FED.R.CIV.P. 15(a)(1). However, the
2. Ninth Circuit has instructed district courts to grant leave to amend *sua sponte* when
3. dismissing a case for failure to state a claim, "unless the court determines that the pleading
4. could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122,
5. 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this
6. case, the Court finds that Plaintiffs will not be able to cure the deficiencies in the Complaint.
7. No additional facts could reverse the existence of Northwestern's statutory immunity from
8. liability for complying with the IRS levy; thus, granting leave to amend would be futile.
9. Therefore, Plaintiffs' Complaint is dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Northwestern Mutual Life Insurance Company's Motion to Dismiss (Doc. # 11) is GRANTED, and the Clerk of the Court shall enter judgment of dismissal in favor of Defendant and against Plaintiffs as to all claims.

DATED this 4th day of November, 2010.

James A. Teilborg
United States District Judge